IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CHERI LYN OLSON**, | Case No. 6:23-cv-770-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **COMMISSIONER OF SOCIAL SECURITY**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

On September 20, 2023, the Court granted the stipulated motion to reverse the denial of Plaintiff's application for supplemental security income benefits and remanded for further proceedings. On December 1, 2023, the Court granted Plaintiff's unopposed application for fees under the Equal Access to Justice Act ("EAJA") in the amount of $582.67.

Plaintiff's counsel now moves for attorney's fees of $4,800 pursuant to 42 U.S.C. § 406(b). ECF 13. This figure represents much less than 25 percent of Plaintiff's retroactive benefits, which total more than $51,000. Plaintiff's counsel will refund to Plaintiff the $582.67 in EAJA fees previously awarded upon receipt of the § 406(b) fees. Defendant neither supports nor opposes the proposed award and leaves for the Court to determine whether the request is

PAGE 1 – OPINION AND ORDER

reasonable under the law. The Court must perform an independent review to ensure that the award is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). For the following reasons, Plaintiff's counsel's motion for fees is granted in part.

## STANDARDS

Under 42 U.S.C. § 406(b), a court entering judgment in favor of a social security claimant who was represented by an attorney "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009). Counsel requesting the fee bears the burden to establish the reasonableness of the requested fee. *Gisbrecht*, 535 U.S. at 807. The attorney's fee award is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment. *Gisbrecht*, 535 U.S. at 802.

A court reviewing a request for attorney's fees under § 406(b) "must respect 'the primacy of lawful attorney-client fee agreements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (*quoting Gisbrecht*, 535 U.S. at 793, 808). Routine approval of fees pursuant to a contingency fee agreement calling for the statutory maximum is, however, disfavored. *See Fintics v. Colvin*, 2013 WL 5524691, at *2 (D. Or. Oct. 2, 2013). Contingent fee agreements that fail to "yield reasonable results in particular cases" may be rejected. *Gisbrecht*, 535 U.S. at 807. There is no definitive list of factors for determining the reasonableness of the requested attorney's fees, but courts may consider the character of the representation, the results achieved, whether there was delay attributable to the attorney seeking the fee, and whether the fee is in proportion to the time spent on the case (to avoid a windfall to attorneys). *See id.* at 808; *Crawford*, 586 F.3d at 1151-52. Although the Supreme Court has instructed against using the lodestar method to calculate fees, a court may "consider the lodestar

PAGE 2 – OPINION AND ORDER

calculation, but *only as an aid* in assessing the reasonableness of the fee." *Crawford*, 586 F.3d at 1148 (emphasis in original); *see also Gisbrecht*, 535 U.S. at 808 (noting that courts may consider counsel's record of hours spent representing claimant and counsel's normal hourly billing rate for non-contingency work as an aid in considering reasonableness of requested fees).

## DISCUSSION

As prescribed by *Gisbrecht* and *Crawford*, the Court begins its analysis by reviewing the contingency fee agreement executed by Plaintiff and his counsel. ECF 13-1. Plaintiff agreed to pay attorney's fees not to exceed 25 percent of the back benefits awarded. Here, Plaintiff was awarded approximately $51,000 in back benefits, so the requested fee award of approximately nine percent is within the statutory maximum. The Court next considers the appropriate factors to determine whether a downward adjustment is necessary in this case.

Plaintiff's counsel is from a reputable and experienced law firm and there were neither issues with the character of the representation nor any delay caused by counsel. Indeed, the case was remanded before any litigation took place in this Court. The Court thus finds no basis for a downward adjustment on these factors. Plaintiff's counsel also obtained a favorable result; a remand for further proceedings.

The Court notes, however, that a downward adjustment may be appropriate because the issues in this case were not particularly complex or unusual and the case was voluntarily remanded by the Commissioner before any litigation, which may support a downward adjustment. *See Crawford*, 586 F.3d at 1153 (instructing the district court to "look at the complexity and risk involved *in the specific case* at issue to determine how much risk the firm assumed in taking the case" in assessing the reasonableness of the requested fees (emphasis added); *Stokes v. Comm'r of Social Sec. Admin.*, 432 F. App'x 672, 674 (9th Cir. 2011) (unpublished) (finding no error in the district court's reduction of a fee award where the

proceedings were largely uncontested and the case was "relatively simple"). Plaintiff's counsel makes no arguments about the specific risks or complexities *of this case*. *See Rundell-Princehouse v. Astrue*, 2012 WL 7188852, at *5 (D. Or. Aug. 21, 2012) (reducing the nearly 22% requested fee award because counsel had "not met his burden of addressing the *specific* risks presented in this particular case in light of the Supreme Court's decision in *Gisbrecht* and the Ninth Circuit's opinion in *Crawford*" and that counsel had "simply neglected to explain with any specificity why the requested fee was reasonable given the facts in this case" (emphasis in original)); *Simmons v. Kijakazi*, 2023 WL 3746511, at *2 (D. Or. May 31, 2023) (reducing requested 25% fee award to approximately 18% in part because the issues were not complex and counsel failed to argue the risks and complexities of the case). Instead, counsel argues generally about the risks of litigating social security cases.

    The Court also finds a basis for a downward adjustment in considering whether the fees requested are in proportion to the time spent. The Court considers the hours spent and a lodestar calculation to aid in this determination. *See Gisbrecht*, 535 U.S. at 808; *Crawford*, 586 F.3d at 1148. In performing this type of review, courts typically consider counsel's non-contingent hourly rate, factoring in a multiplier to take into account the risk factor of a contingency case. *See, e.g.*, *Ellick v. Barnhart*, 445 F. Supp. 2d 1166, 1172-73 (C.D. Cal. 2006) (2.5 multiplier, gathering cases); *Clinton S. v. King*, 2025 WL 297033, at *4 (S.D. Cal. Jan. 24, 2025) (2.6 multiplier); *Clemens v. O'Malley*, 2024 WL 1257520, at *3 (D. Or. Mar. 25, 2024) (2.5 multiplier).

    In this case, counsel spent 2.4 hours, which results in a requested hourly rate of $2,000. Counsel suggests that a lodestar multiplier of 3.5 is reasonable given the risk factors for social

PAGE 4 – OPINION AND ORDER

security cases. Counsel provides no legal support for this general assertion,[1] nor why such a multiplier is appropriate *in this specific case*. *See, e.g. Clinton S.*, 2025 WL 297033, at *4 (rejecting suggested multiplier of 3.5 and awarding multiplier of 2.6, explaining that although counsel contended the higher multiplier was required to "adjust for the average risk of loss in court before the agency," counsel had "failed to provide any information as to the complexity or risk involved in this specific case"). The *Ellick* court surveyed cases and found that multipliers were awarded from one to 2.5 times the regular rate, unless a case achieved exceptional results or where counsel argued novel, case-specific risky positions. *Ellick*, 445 F. Supp. 2d at 1173; *see also Wenzel v. Colvin*, 2014 WL 3810247, at *3 (C.D. Cal. Aug. 1, 2014) (discussing same). Neither such extraordinary circumstance is present here. The Court finds that a multiplier of 2.5 is sufficient to compensate counsel for the risk in this case.

For the lodestar cross-check, counsel cites the 2022 Oregon State Bar Economic Survey, of which the Court takes judicial notice, pointing to the rates for "downtown Portland" practitioners. The average hourly rate for attorneys in "other" areas of private practice in downtown Portland is $400 and the 95th percentile is $638. Taking a rate between those figures, $500 per hour, with a 2.5 multiplier equals $1,250. This hourly rate for 2.4 hours equals a total fee of $3,000 for the lodestar crosscheck on reasonableness.

While the Ninth Circuit has discouraged a "court-wide policy" on fees in Social Security cases, "district judges can certainly consider the fees awarded by other judges in the same locality in similar cases." *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th

---

[1] The only support offered by counsel is a mathematical probability equation based on all social security cases filed and the percentage that were awarded benefits from fiscal year 2023. Counsel does not break down this analysis by region or the District of Oregon or provide any other analysis. Nor does counsel review any legal authority or provide case law for how multipliers are actually awarded in social security cases.

PAGE 5 – OPINION AND ORDER

Cir. 2012) (cleaned up). Fee awards of around a *de facto* hourly rate of $1,000, although on the high side, have been approved in this district. *See, e.g.*, *Clemens*, 2024 WL 1257520, at *3 (approving as reasonable "an effective hourly rate of $1000"); *Simmons*, 2023 WL 3746511, at *3 (same); *Ali v. Comm'r*, 2013 WL 3819867, at *3 (D. Or. July 21, 2013) (same); *Quinnin v. Colvin*, 2013 WL 5786988, at *4 (D. Or. Oct. 28, 2013) (approving as reasonable "a *de facto* hourly rate for attorney time of $1,240").

Given the lack of complexity of this case, the low number of total hours billed, and in consideration of the results of the lodestar calculation and survey of other cases in this district done in aid of assessing reasonableness, the Court finds that counsel for Plaintiff has not met its burden of showing that the requested fee award is reasonable. *See, e.g.*, *Clemens*, 2024 WL 1257520, at *3 (reducing requested 25% award of $59,246.50 for 44.4 hours of work, equaling $1,334/hour, to a 15.6% award of $44,400, effectively equaling $1,000/hour); *Simmons v. Kijakazi*, 2023 WL 3746511, at *1 (D. Or. May 31, 2023) (reducing requested 25% award of $19,461 for 13.9 hours of work, equaling $1,400/hour, to a 17.9% award of $13,900, effectively equaling $1000/hour); *Griffin v. Comm'r of Soc. Sec.*, 2021 WL 5745990, at *1-3 (D. Or. Dec. 2, 2021) (reducing requested 25% award of $20,343 for 14.8 hours of work, effectively equaling $1,375.54/hour, to an 18% award of $14,647.14, effectively equaling $989.67/hour); *Fintics*, 2013 WL 5524691, at *4-5 (reducing requested 25% award of $15,814 for 17.2 hours of work, effectively equaling $919/hour, to a 17% award of $10,753.52, effectively equaling $625/hour). Considering all of the relevant factors and policy considerations, the Court concludes that a reasonable fee award in this case is $3,000, approximately 5.9 percent of the back benefits amount. This is an effective hourly rate of $1,250.

PAGE 6 – OPINION AND ORDER

**CONCLUSION**

The Court GRANTS IN PART Plaintiff's counsel's motion for attorney fees pursuant to 42 U.S.C. § 406(b), ECF 13. Plaintiff's counsel is awarded $3,000 in § 406(b) fees, representing approximately 5.9 percent of Plaintiff's retroactive benefits recovery. Plaintiff's counsel shall then refund to Plaintiff the $582.67 already received by counsel under the Equal Access to Justice Act. Any funds withheld by the Commissioner in anticipation of an order under Section 406(b), less an administrative assessment pursuant to 42 US.C. 406(d), may be paid to Kevin Kerr, using the information on file with the Agency, consistent with this Order.

**IT IS SO ORDERED**.

DATED this 25th day of February, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge